

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
DEC 07 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 20-CR-189-CVE |
| Plaintiff, | ) ) | **SUPERSEDING INDICTMENT** |
| | ) | [COUNTS 1 through 27: 18 U.S.C. |
| v. | ) | § 1341 – Mail Fraud; |
| | ) | COUNTS 28 through 32: 18 U.S.C. |
| DAVID OWEN WEST, | ) | § 1957(a) – Engaging in Unlawful |
| | ) | Monetary Transactions; |
| Defendant. | ) | Forfeiture Allegation: 18 U.S.C. § |
| | ) | 981(a)(1) and 28 U.S.C. § 2461 – Mail |
| | ) | Fraud and Money Laundering |
| | ) | Forfeiture] |

**THE GRAND JURY CHARGES:**

## COUNTS ONE THROUGH TWENTY-SEVEN
[18 U.S.C. § 1341]

### The Scheme

1. From in or about 2013 to in or about December 2017, in the Northern District of Oklahoma and elsewhere, the defendant, **DAVID OWEN WEST**, knowingly devised, and intended to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as described below ("the Scheme").

### The Purpose of the Scheme

2. The purpose of the Scheme was to unlawfully enrich **WEST** by means of fraudulently obtaining the funds and property of the business that employed **WEST**, known to the Grand Jury and designated herein as "the Company."

### The Manner and Means of the Scheme

3. To fulfill the purpose of the Scheme, WEST used the following manner and means, among others:

4. It was part of the Scheme that the Company was engaged in the business of owning and operating oil and gas wells. The Company was based in Illinois and owned and operated wells in various states, including Oklahoma.

5. It was part of the Scheme that the Company employed **WEST** as the field supervisor of its wells in Oklahoma. As such, **WEST** was responsible for physically checking and maintaining the Company's wells in his designated area, for monitoring oil and gas production from the wells, and for managing the transportation of oil and gas production from the wells to purchasers of the oil and gas production.

6. It was part of the Scheme that the Company authorized **WEST** to select vendors and service companies to maintain its wells in his designated area, and to haul oil and gas production from the wells to purchasers of the oil and gas production.

7. It was part of the Scheme that **WEST** stole oil production from the Company's wells and sold it to a purchaser unknown to the Company, which then paid **WEST** and a shell company, Flash Electric Services, LLC ("Flash"), created and controlled by **WEST**, for the stolen oil production.

8. It was part of the Scheme that **WEST**, directly and through Flash, unlawfully received a total of approximately $292,112 for the oil production that he stole from the Company.

9. It was part of the Scheme that **WEST** fraudulently caused the Company to pay for the cost of transporting the stolen oil production from the Company's wells to the unknown purchaser.

10. It was part of the Scheme that the Company paid a total of approximately $6,976 in transportation costs attributable to the hauling of its oil and gas production that **WEST** stole.

11. It was part of the Scheme that **WEST** charged the Company for the cost of services purportedly performed by Flash for the maintenance of the Company's wells when, in fact, Flash had performed no such services.

12. It was part of the Scheme that the Company paid Flash a total of approximately $129,038 for services that Flash had not actually performed.

13. It was part of the Scheme that **WEST** caused the Company to pay him, directly or through Flash, a total of approximately $421,150 and to pay for the transportation costs attributable to the hauling of its stolen oil and gas production, as stated above, causing a total loss to the Company of approximately $428,126.

14. It was further part of the Scheme that **WEST** fraudulently caused the Company to send Company checks, in payment for fraudulent Flash invoices and billings for transportation of stolen oil, to Flash and the transportation companies in the Northern District of Oklahoma by means of the United States Postal Service.

## The Mailings

15. On or about the dates stated below, for the purpose or executing the Scheme and attempting to do so, **WEST** knowingly caused to be delivered by the United States

Postal Service, according to the directions thereon, to Flash in the Northern District of Oklahoma, the following mail matter and things from the Company, checks payable to Flash in the approximate amounts stated below:

| Count | Date Mailed | Mailing |
|---|---|---|
| 1 | 10/23/2015 | Company Check #147655 in the amount of $5,331.10 |
| 2 | 11/23/2015 | Company Check #148303 in the amount of $5,172.00 |
| 3 | 12/23/2015 | Company Check #149015 in the amount of $7,165.00 |
| 4 | 01/22/2016 | Company Check #149647 in the amount of $9,789.50 |
| 5 | 02/23/2016 | Company Check #150302 in the amount of $9,065.85 |
| 6 | 03/23/2016 | Company Check #150978 in the amount of $4,899.80 |
| 7 | 04/23/2016 | Company Check #151630 in the amount of $7,544.10 |
| 8 | 05/23/2016 | Company Check #152279 in the amount of $4,820.00 |
| 9 | 06/23/2016 | Company Check #152944 in the amount of $8,586.10 |
| 10 | 07/23/2016 | Company Check #153685 in the amount of $10,277.05 |
| 11 | 08/23/2016 | Company Check #154207 in the amount of $12,383.50 |
| 12 | 09/23/2016 | Company Check #154680 in the amount of $6,095.00 |
| 13 | 10/24/2016 | Company Check #155043 in the amount of $10,955.75 |
| 14 | 11/23/2016 | Company Check #155556 in the amount of $14,365.00 |
| 15 | 12/23/2016 | Company Check #155958 in the amount of $12,588.45 |

16. On or about the dates stated below, for the purpose or executing the Scheme and attempting to do so, **WEST** knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, to the transportation companies in the Northern District of Oklahoma, the following mail matter and things from the Company, checks payable to the transportation company in the approximate amounts stated below:

| Count | Date Mailed | Mailing |
|---|---|---|
| 16 | 12/23/2015 | Company check #148845 in the amount of $2,280 |
| 17 | 01/27/2016 | Company check #149659 in the amount of $3,730 |
| 18 | 03/23/2016 | Company Check #150840 in the amount of $2,892.50 |
| 19 | 05/23/2016 | Company Check #152127 in the amount of $2,557.50 |
| 20 | 06/23/2016 | Company Check #152797 in the amount of $315.00 |
| 21 | 07/23/2016 | Company Check #153522 in the amount of $909.50 |
| 22 | 07/23/2016 | Company Check #153546 in the amount of $13,415.00 |

| Count | Date Mailed | Mailing |
|---|---|---|
| 23 | 08/23/2016 | Company Check #154070 in the amount of $14,475.00 |
| 24 | 09/23/2016 | Company Check #154523 in the amount of $6,122.50 |
| 25 | 10/24/2016 | Company Check #154920 in the amount of $2,250.00 |
| 26 | 01/23/2017 | Company Check #156171 in the amount of $429.00 |
| 27 | 03/23/2017 | Company Check #156956 in the amount of $1,380.00 |

All in violation of Title 18, United States Code, Section 1341.

# COUNTS TWENTY-EIGHT THROUGH THIRTY-TWO
## [18 U.S.C. § 1957(a)]

17. The allegations of Counts One through Twenty-seven of this Indictment are incorporated in these Counts by reference.

18. On or about the dates stated below, in the Northern District of Oklahoma and elsewhere, the defendant, **DAVID OWEN WEST**, knowingly engaged, and caused other persons to engage, in the following monetary transactions in criminally derived property, of a value greater than $10,000 and which was derived from specified unlawful activity, that is, Mail Fraud, a violation of Title 18, United States Code, Section 1341, as alleged in Counts One through Twenty-seven of this Indictment:

| Count | Date | Monetary Transaction |
|---|---|---|
| 28 | 7/27/2016 | Deposit into Flash account number xxxx4928 of check number #153685 drawn by the Company on Fifth Third Bank account number xxxx2014 in the amount of $10,277.05 |
| 29 | 8/30/2016 | Deposit into Flash account number xxxx4928 of check number #154207 drawn by the Company on Fifth Third Bank account number xxxx2014 in the amount of $12,383.50 |
| 30 | 10/31/2016 | Deposit into Flash account number xxxx4928 of check number #155043 drawn by the Company on Fifth Third Bank account number xxxx2014 in the amount of $10,955.75 |
| 31 | 11/30/2016 | Deposit into Flash account number xxxx4928 of check number #155556 drawn by the Company on Fifth Third Bank account number xxxx2014 in the amount of $14,365.00 |
| 32 | 12/28/2016 | Deposit into Flash account number xxxx4928 of check number #155958 drawn by the Company on Fifth Third Bank account number xxxx2014 in the amount of $12,588.45 |

All in violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE ALLEGATION
### [18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461.

Upon conviction of the offenses alleged in this Indictment, as a part of his sentence, the defendant, **DAVID OWEN WEST**, shall forfeit to the United States, any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations and any property, real or personal, that was used or intended to be used to commit or to facilitate the violation of federal law.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461.

R. TRENT SHORES
UNITED STATES ATTORNEY

A TRUE BILL

CHARLES M. MCLOUGHLIN
Assistant United States Attorney

/s/ *Grand Jury Foreperson*
Grand Jury Foreperson